687 So.2d 351 (1997)
Jislaine PYRAM, Appellant,
v.
MARRIOTT INTERNATIONAL and Marriott Casualty Claims, Appellees.
No. 95-4698.
District Court of Appeal of Florida, First District.
February 10, 1997.
Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Robert A. LeVine of Gluckman, Newman & LeVine, P.A., Tampa, for Appellees.
KAHN, Judge.
We affirm the order of the Judge of Compensation Claims (JCC), and briefly comment on two points raised by the employee/claimant.
Claimant first argues that the JCC erred by denying compensability in reliance upon section 440.09(1), Florida Statutes (Supp.1994), for this accident which occurred on May 1, 1994. Claimant reasons that section 440.09(1) establishes an affirmative defense and urges that such defense was not articulated by the employer/carrier, prior to the commencement of the hearing in this case. The pertinent portion of the statute provides: "The injury, its occupational cause, and any resulting manifestations or disability shall be established to a reasonable degree of medical certainty and by objective medical findings." Here, the JCC found that claimant failed to establish an injury by any objective medical findings. By its use of the phrase "shall be established," the Legislature has given a quite clear signal that the statute devolves upon workers' compensation claimants a new standard of proof, rather than providing employers with an affirmative defense.[*] The JCC's order reciting no objective medical findings is supported by competent substantial evidence.
The JCC further committed no error in denying the claim for temporary partial disability benefits. An injured employee who refuses employment suitable to her capacity, which has been offered or procured to her, shall not be entitled to any compensation at any time during the continuance of such refusal, unless the JCC finds such refusal justifiable. Section 440.15(7), Florida Statutes (Supp.1994). Here, the JCC found that claimant refused work offered by the employer within claimant's restrictions.
AFFIRMED.
*352 ERVIN and DAVIS, JJ., concur.[**]
NOTES
[*] Because the question is not before us, we express no opinion as to whether sections 440.09(1)(a) and (b) establish affirmative defenses.
[**] Subsequent to the oral argument, Judge Benton recused himself. Judge Davis was assigned in his place.