PER CURIAM.
The employer and carrier appeal a workers’ compensation order granting the claimant an evaluation and continuing treatment with a chiropractor, awarding temporary total disability or temporary partial disability benefits from June 12, 1997 through July 12, 1997, and ordering the payment of all of the claimant’s medical bills, hospital bills and prescriptions that are related to the claim. Because the record does not support a finding of a causal connection between the claimant’s employment and her injury, we reverse.
In Pyram v. Marriott International, 687 So.2d 351 (Fla. 1st DCA 1997), we concluded that the 1994 amendments to Chapter 440 created a new standard of proof for workers’ compensation claimants. Section 440.09(1), Florida Statutes establishes this new standard and states that “[t]he injury, its occupational cause, and any resulting manifestations or disability shall be established to a reasonable degree of medical certainty and by objective medical findings.”
In finding that the claimant’s injury was causally related to her employment, the judge relied on the opinion of Dr. Jacobs en, the claimant’s chiropractor. The only statement made by Dr. Jacobsen relating to causation is contained in his medical report on the claimant. In the report, Dr. Jacobsen notes that “[i]t appears that the above impression [cervical sprain/strain and lumbar sprain/strain] is secondary to the patient’s injuries, occurring on 4/14/97 [while at work], and are chronic/recurrent in nature.” This opinion does not support a finding of causation under section 440.09(1), Florida Statutes. *932 Nor is the judge’s finding of causation supported by any other evidence in the record.
For these reasons, we reverse the final order awarding medical and indemnity benefits to the claimant. Because our holding is an adjudication on the merits, we need not address the evidentiary issues raised by the employer and carrier in this appeal.
Reversed.
BOOTH, BENTON and PADOVANO, JJ., concur.