PER CURIAM.
This is an appeal from an order finding claimant/appellee permanently totally disabled (PTD). Appellants raise several challenges to the PTD finding, including the following: Whether the Judge of Compensation Claims (JCC) erred in finding the claimant PTD based on medical restrictions that were not related to the com-pensable injury to a reasonable degree of medical certainty and by objective medical findings. After reviewing the record, we agree that there is not competent substantial evidence to support that finding. Accordingly, we reverse on that issue. Having done so, it is unnecessary to address appellant’s additional challenges to the PTD finding.
As the parties point out, the facts in this case are not in dispute. On January 24, 1995, appellee injured her upper right arm while demonstrating an exercise machine. Dr. Kleiman diagnosed an acute rupture of the biceps proximal. Appellee continued working with conservative treatment until she had surgery in September, 1995. She testified she was in pain during that time and was unable to demonstrate all of the machines. After reaching MMI on November 28, 1995, she resumed working for appellant until March, 1996. She testified she could not demonstrate all of the machines when she returned to work, as she had in the past, and that her sales dropped off, and that she stopped working in March, 1996 because she “couldn’t do it anymore.” As of that time, Dr. Kleiman had imposed the following restrictions attributable to her upper arm injury: no lifting over 30-35 pounds with the right arm and limited overhead activities.
In August, 1996, appellee returned to Dr. Kleiman with a new complaint of right side chest-wall pain. In May, 1997, she complained of right shoulder pain, numbness and tingling in her hand, and weakness in her right hand. At that time, Dr. Kleiman increased appellee’s restrictions to no lifting over 5 pounds with the right hand and limited overhead activities. Dr. Kleiman said the reasons for the change in restrictions were the right shoulder, the chest-wall pain, neck pain, and numbness and tingling in her hand. He opined that the numbness and tingling were not attributable to the compensable accident, but came from the cervical spine, and that some of the residual pain and weakness were related to the shoulder.
At one point in his testimony, Dr. Klei-man said the chest-wall pain could be related to the shoulder injury. But when asked whether he could relate that condition to the work related injury within a reasonable degree of medical certainty, he said he could not. He said he did not have a strong feeling that it was definitely related, rather, that he thought it was possible. He also said the restrictions were “mostly from the shoulder.” This testimony was inadequate to establish the required causal relationship between the added restrictions and the compensable injury to a reasonable degree of medical certainty.
The JCC found that appellee had a catastrophic injury, i.e., “any other injury that would otherwise qualify an employee to receive disability income benefits under Title II ... of the federal Social Security Act....” See section 440.02(34)®, Florida Statutes (Supp.1994). This finding was based on the evidence provided by Dr. Kleiman and the vocational counselor, Mr. Adato. The vocational evaluation finding that appellee was not employable was premised specifically on Dr. Kleiman’s later restrictions, and thus it is inadequate proof of PTD as well. See Family Dollar Stores v. Henderson, 718 So.2d 931 (Fla. *1123 1st DCA 1998), and Pyram v. Marriott International, 687 So.2d 351 (Fla. 1st DCA 1997).
REVERSED.
JOANOS, ALLEN and DAVIS, JJ., CONCUR.